# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                          )
v.                    )    **ID No. 1712012254**
                          )    **Cr. A. Nos. IN18-10-0337, etc.**
KELLIE A. PULGINI,      )
          Defendant. )

Submitted: July 1, 2020
Decided: July 23, 2020

## ORDER

*Upon the State's Request for a Restitution Order,*
**GRANTED.**

This 23rd day of July, 2020, upon consideration of the State of Delaware's Request for a Restitution Order, the Commissioner's Report and Recommendation that State's Request should be **GRANTED**, and the record in this case, it appears to the Court that:

(1)    In January 2019, Kellie A. Pulgini pleaded guilty at her final case review to one count of Theft of an Amount in Excess of $100,000 (Theft≥$100,000), a class B felony, and to two counts of Theft of an Amount in Excess of $50,000 (Theft≥$50,000), both class D felonies.[1] She was sentenced several months later, to serve: (a) for Theft≥$100,000—25 years at Level V suspended after serving two

---

[1]   Plea Agreement and TIS Guilty Plea Form, *State v. Kellie A. Pulgini*, I.D. No. 1712012254 (Del. Super. Ct. Jan. 7, 2019) (D.I. 19).

years at Level V for one year of Level III supervised probation; (b) for Theft≥$50,000—eight years at Level V suspended in whole for concurrent Level III supervised probation; and (c) for Theft≥$50,000—two years at Level V suspended in whole for another term of concurrent Level III supervised probation.[2] But because there was disagreement at the sentencing hearing as to whether a restitution order should be entered as part of this sentence, the Court retained jurisdiction over the sentence for the parties to brief that issue.[3]

(2) After preliminary review of the parties briefing, that matter was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for disposition of the restitution claim. More specifically, the Commissioner was to issue a report and recommendation on the following:

(a) Whether pursuant to 11 *Del. C.* §§ 841(d) and/or 4106(d) the Court must enter a restitution order in this case?

(b) If not mandatory, should the Court exercise its sentencing discretion to enter a restitution order in this case?

(c) If the Court should enter a restitution order, what is the proper restitution amount under the circumstances of this case? [4]

---

[2] Sentence Order, *State v. Kellie A. Pulgini*, I.D. No. 1712012254 (Del. Super. Ct. Apr. 26, 2019) (D.I. 22).

[3] *Id.*

[4] Order of Reference, *State v. Kellie A. Pulgini*, I.D. No. 1712012254 (Del. Super. Ct. July 22, 2019) (D.I. 38).

(3)     After further briefing and hearings, the Commissioner docketed her Report and Recommendation on April 30, 2020.[5] The Commissioner recommended that the State's request for a restitution order be granted and, *inter alia*, that Ms. Pulgini be ordered to make restitution in the amount of $93,118.72.[6]

(4)     "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[7] Neither Ms. Pulgini nor the State filed an "objection" to the Commissioner's Report under Criminal Rule 62(a)(5)(ii).[8]

(5)     The Court accepts, in part, the findings of fact and recommendations made by the Commissioner. [9] After a thorough review of the record in this case, the Court finds that entry of the restitution order in the amount of $93,118.72 payable to

---

[5]     D.I. 36.

[6]     *State v. Pulgini*, 2020 WL 2121467 (Del. Super. Ct. Apr. 30, 2020).

[7]     Super. Ct. Crim. R. 62(a)(5)(ii).

[8]     The Court notes that the suspension of court-rule deadlines ordered by the Chief Justice via the judicial emergency declaration caused by the COVID-19 pandemic expired on July 1, 2020. *See* ADMINISTRATIVE ORDER No. 7—EXTENSION OF JUDICIAL EMERGENCY, *In Re COVID-19 Precautionary Measures*, at 16 (Del. June 5, 2020) ( . . . "deadlines in court rules . . . that expire between March 23, 2020 and June 30, 2020 are extended through July 1, 2020.") (available at https://courts.delaware.gov/rules/pdf/COVID-19AdminOrderNo7.pdf - last visited July 21, 2020). And so the Court has assured that Rule 62(a)(5)(ii)'s ten-day deadline from July 1, 2020, has now passed for Ms. Pulgini and the State. *See* Super. Ct. Crim. R. 45(a) (governing method of computing any period of time prescribed or allowed by this Court's criminal rules).

[9]     Super. Ct. Crim. R. 62(a)(5)(iv) ("A judge may accept, reject, or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner.").

Wealth Guardians, Inc., is appropriate. And the Court finds that amount and that payee appropriate based on the assumption that the allocation of payments from the proceeds of the sale of the home Ms. Pulgini owned with her mother—as contemplated by the October 2017 Settlement Agreement entered between Ms. Pulgini, the Flanigans, and Wealth Guardians—will occur in the manner and amounts recommended by the Commissioner.[10] But the Court does not find it can, via a criminal restitution order, "direct" such allocation be made under the civil Settlement Agreement. So the Court will reject that specific recommendation made by the Commissioner.

**NOW THEREFORE,** after careful and *de novo* review of the record in this case, and for the reasons stated in the Commissioner's Report and Recommendation of April 30, 2020, the State's request for a restitution order in this matter is **GRANTED** and a modified sentencing order shall issue forthwith.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Hon. Janine M. Salomone
Joseph E. Gibbs-Tabler, Deputy Attorney General
Patrick J. Collins, Esquire

---

[10]  *Pulgini*, 2020 WL 2121467, at * 8.